

# Fourth Court of Appeals
## San Antonio, Texas

January 20, 2015

No. 04-14-00393-CR

Asel **ABDYGAPPAROVA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2001CR4918A
Honorable Ron Rangel, Judge Presiding

# O R D E R

The appellant's brief was originally due to be filed on October 6, 2014. Prior to December 29, 2014, two motions for extension of time were granted, extending the deadline for filing the brief to December 15, 2014. This court's order granting the second extension stated, "**THIS IS THE FINAL EXTENSION OF TIME THAT THE APPELLANT WILL BE GRANTED.**"

In response to an inquiry by a clerk of this court, appellant's attorney filed a third motion for extension of time to file appellant's brief on December 22, 2014. Although the motion did not acknowledge the prior extensions or this court's order stating the second extension was a final extension, this court granted the third motion for extension of time by order dated December 29, 2014. In that order, appellant's attorney was ordered to file appellant's brief in this court no later than January 15, 2015, and the order stated that if appellant's brief was not filed by January 15, 2015, "this appeal will be abated to the trial court for an abandonment hearing without further notice, and the trial court will be asked to consider whether sanctions against appellant's attorney are appropriate." TEX. R. APP. P. 38.8(b)(2).

On January 20, 2015, appellant's attorney filed a fourth motion for extension of time; however, in accordance with this court's order of December 29, 2014 and rule 38.8(b)(2) of the Texas Rules of Appellate Procedure, we abate this case to the trial court and ORDER the trial court to conduct a hearing to answer the following questions:

(1) Does appellant desire to prosecute his appeal?

(2) Is appellant indigent? If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel.

(3) Has appointed or retained counsel abandoned the appeal? Because sanctions may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from the appellant. The trial court shall, however, order the appellant's counsel to be present at the hearing.

The trial court is further ORDERED to file supplemental clerk's and reporter's records in this court, no later than February 19, 2015, which shall include: (1) a transcription of the hearing and copies of any documentary evidence admitted, (2) written findings of fact and conclusions of law, and (3) recommendations addressing the above enumerated questions.

Jason Pulliam, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 20th day of January, 2015.

Keith E. Hottle
Clerk of Court